UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| REGINALD ANDERSON,<br>    #93679 ) ) ) | |
| Plaintiff, ) | 2:10-cv-01382-RLH-PAL |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| HOWARD SKOLNIK, *et al.*, ) | |
| ) | |
| Defendants. ) | |

A prisoner filed this civil action in the Eighth Judicial District Court of the State of Nevada, and defendants removed on the basis that the complaint alleges a cause of action pursuant to 42 U.S.C. § 1983 (docket #1). The court now reviews the complaint (docket #1-2).

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or

where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

1  To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

**II. Instant Complaint**

Plaintiff, who is incarcerated at Southern Desert Correctional Center ("SDCC"), has sued Nevada Department of Corrections ("NDOC") Director Howard Skolnik, SDCC Warden Brian Williams, Associate Warden of Operations ("AWO") Jeffrey Howell, Associate Warden of Programs ("AWP") Cheryl Burson, coach Jimmy Ferguson, Champion Barbell Company, and BSN Sports Supply Company. Plaintiff's complaint stems from an alleged incident in which he was "spotting" another inmate doing lower-body exercises when the barbell, holding 585 pounds, broke in half, injuring plaintiff. Plaintiff claims that his Eighth Amendment rights were violated and also asserts state tort claims.

Plaintiff asserts that defendant prison personnel violated his Eighth Amendment rights by failing to properly inspect and supervise use of the weights. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986) (internal quotations omitted). In order to meet the wantonness standard in a conditions of confinement case, "the inmate must show that the prison officials were deliberately indifferent to [his] suffering." *Jordan v. Gardner*, 986 F.2d 1521, 1528 (9th Cir.1993) (en banc). Plaintiff fails to state an Eighth Amendment claim.

Accordingly, the court dismisses plaintiff's only federal-law cause of action and declines to exercise its supplemental jurisdiction over the remaining state-law causes of action. 28 U.S.C. § 1367 (c)(3). Thus, this action is remanded to state court. 28 U.S.C. §1441(c).

## III. Conclusion

**IT IS THEREFORE ORDERED** that the Clerk shall **FILE** the complaint (docket #1-2).

**IT IS FURTHER ORDERED** that plaintiff's Eighth Amendment claims are **DISMISSED** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Eighth Judicial District Court of the State of Nevada, in and for Clark County. Because the court has dismissed all federal-law causes of action, it declines to exercise supplemental jurisdiction over the remaining state-law causes of action. 28 U.S.C. § 1367 (c)(3). It thus remands the action to state court. 28 U.S.C. §1441(c). The Clerk of Court shall mail a certified copy of this Order to the Eighth Judicial District Court in Clark County.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED this 7TH day of December, 2010.

_____
ROGER L. HUNT
Chief United States District Judge